[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Erie-Huron Cty. Bar Assn. v. Smith,* Slip Opinion No. 2016-Ohio-881.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-881

ERIE-HURON COUNTY BAR ASSOCIATION *v.* SMITH.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Erie-Huron Cty. Bar Assn. v. Smith,* Slip Opinion No. 2016-Ohio-881.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Indefinite suspension.*

(No. 2015-1632—Submitted November 17, 2015—Decided March 10, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court of Ohio, No. 2015-012.

_____

**Per Curiam.**

{¶ 1} Respondent, Charles Ross Smith III, of Ann Arbor, Michigan, Attorney Registration No. 0020187, was admitted to the practice of law in Ohio in 1978.  In February 2015, relator, Erie-Huron County Bar Association, charged him with professional misconduct for, among other things, collecting retainers from clients but then failing to complete the work or to refund their money.  Based on

the parties' stipulations and the evidence presented at a three-member panel hearing of the Board of Professional Conduct, the board found that Smith engaged in most of the charged misconduct and recommends that we indefinitely suspend him from the practice of law, with conditions on any potential reinstatement. Neither party has filed objections to the board's recommendation. Based upon our independent review of the record, we agree with the board's findings of misconduct and the recommended sanction.

## Misconduct

**{¶ 2}** After spending most of his legal career working for other entities, Smith opened a solo law practice in 2008, focusing primarily in bankruptcy law. However, in February 2014, he sent a letter to disciplinary counsel indicating that his deteriorating physical health had caused him to close down his practice. His letter further stated that many of his clients had paid in advance for legal fees and court costs and that he was unable to complete the promised work or immediately refund their money. Relator subsequently received a series of grievances against Smith from some of those former clients.

**{¶ 3}** After an investigation, relator discovered that in 43 separate matters, clients had paid Smith to file bankruptcy petitions on their behalves, but he had failed to file the petitions or to return their money. Indeed, the parties stipulated that Smith owes $36,799.69 to those clients. Additionally, relator discovered that Smith had failed to deposit those advanced funds into his client trust account and instead had deposited the money into another bank account, which he drew from to pay various operating expenses for his law office.

**{¶ 4}** Based on this conduct, the parties stipulated and the board found that Smith had violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 1.15(c) (requiring a lawyer to deposit advanced legal fees and expenses

2

into a client trust account to be withdrawn by the lawyer only as fees are earned or expenses incurred), and 1.16(e) (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from employment).

{¶ 5} Additionally, during its investigation, relator discovered that since July 2013, Smith had failed to notify his clients that he lacked professional liability insurance. Thus, the parties stipulated and the board found that Smith had also violated Prof.Cond.R. 1.4(c) (requiring a lawyer to inform a client in writing if the lawyer does not maintain professional liability insurance).

{¶ 6} We agree with these findings of misconduct. We also accept the board's recommendation to dismiss the remaining charges in relator's complaint.

**Sanction**

{¶ 7} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13).

{¶ 8} The board found the following aggravating factors: Smith exhibited a pattern of misconduct; he committed multiple offenses; his clients were vulnerable and harmed by his misconduct, as some were in desperate financial straits and relying on him to protect them from creditors; and he failed to make restitution. *See* Gov.Bar R. V(13)(B)(3), (4), (8), and (9). In mitigation, the board found that he has no prior discipline and he fully cooperated in the disciplinary process. *See* Gov.Bar R. V(13)(C)(1) and (4). The board acknowledged that Smith's physical health likely caused him to close his practice, but because he did not submit any substantiating medical evidence at the hearing, the board could not conclude that his deteriorating health condition was a mitigating factor.

**{¶ 9}** As a sanction, the parties jointly recommended that Smith be indefinitely suspended from the practice of law. The board agreed and added several conditions on any potential reinstatement, including that he make full restitution to all affected clients. To support its recommendation, the board cited *Cincinnati Bar Assn. v. Britt*, 133 Ohio St.3d 217, 2012-Ohio-4541, 977 N.E.2d 620, in which we indefinitely suspended an attorney for collecting over $40,000 in retainers and filing fees from more than 40 clients but then failing to perform the promised work or to refund his clients' money. The attorney in *Britt* also failed to deposit those advanced fees into a client trust account, and he engaged in dishonest conduct. *Id.* at ¶ 13-17. Although we noted that disbarment is the presumptive sanction for misappropriation of client funds, we concluded that sufficient mitigating circumstances were present to warrant an indefinite suspension, including that the attorney had no prior discipline, he cooperated in the disciplinary process, he admitted to the misconduct, he helped identify the amount of money he had received from each client, and he made arrangements with another attorney to complete his clients' representations. *Id.* at ¶ 22, 28-32.

**{¶ 10}** We agree with the board that *Britt* is instructive here. Smith's misconduct is analogous to the attorney misconduct in *Britt*, and there are similar mitigating factors, including that Smith has no prior discipline in an otherwise lengthy career, he fully cooperated in the disciplinary process, he admitted to the charged misconduct, and he helped determine the amount he received from each client and the amount still owed. And unlike the attorney in *Britt*, Smith self-reported his conduct to disciplinary authorities.

**{¶ 11}** Thus, having considered Smith's misconduct, the aggravating and mitigating factors, and the sanctions imposed in comparable cases, we adopt the board's recommended sanction. Charles Ross Smith III is indefinitely suspended from the practice of law in Ohio. Any future reinstatement shall be conditioned on Smith (1) making full restitution to all affected clients in the total amount of

$36,799.69, (2) paying the costs of this matter, (3) committing no further misconduct, (4) obtaining a passing score on the multistate professional-responsibility examination, and (5) completing 12 hours of continuing-legal-education classes with an emphasis on law-office management and management of client trust accounts, in addition to meeting all other biennial continuing-legal-education requirements.  In addition, if Smith is reinstated to the practice of law, he must serve a two-year period of monitored probation.  Costs are taxed to Smith.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Nicholas J. Smith, Bar Counsel, for relator.

Charles Ross Smith III, pro se.

_____